David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff
*DALE C. BURNS*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DALE C. BURNS,<br><br>Plaintiff,<br>v.<br><br>EARLY WARNING SERVICES, LLC;<br>LEXISNEXIS RISK SOLUTIONS,<br>INC,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame,

mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. DALE C. BURNS ("Plaintiff"), by Plaintiff's attorneys, brings this action against EARLY WARNING SERVICES, LLC ("Early Warning") and LEXISNEXIS RISK SOLUTIONS, INC ("Lexis") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendants are registered with the Nevada Secretary of State and have appointed a registered agent in Nevada.

**PARTIES**

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Early Warning regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.   Early Warning is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Lexis regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.   Lexis is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

**EARLY WARNING FAILED TO RESPOND TO PLAINTIFF'S WRITTEN DISPUTE**

10. In an Early Warning credit report dated September 3, 2019, Early Warning reported inaccurate information regarding Plaintiff.

11. On or about October 21, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Early Warning's reported information regarding misreported trade lines by notifying Early Warning, in writing, of the incorrect and inaccurate credit information furnished by Early Warning.

12. Specifically, Plaintiff mailed a written dispute, certified, return receipt ("Early Warning Dispute Letter"), to Early Warning, requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

13. Early Warning received this letter, as it responded October 31, 2019, to indicate it received the Early Warning Dispute Letter.

14. Early Warning was required to conduct an investigation pursuant to 15 U.S.C. § 1681i.

15. Early Warning thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed relating to the Early Warning Dispute Letter pursuant to 15 U.S.C. § 1681i(a)(6).

16. As a result of Early Warning's failure to provide a consumer disclosure, Early Warning negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

17. Further, Early Warning willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when Early Warning failed to provide

written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency.  Indeed, Early Warning failed to provide Plaintiff any evidence of any investigation it conducted into the disputes raised in the Early Warning Dispute Letter, thereby shirking Early Warning's duties under the FCRA.

### LEXIS MISREPORTED INFORMATION REGARDING PLAINTIFF

18. In a credit report dated August 29, 2019, Lexis reported inaccurate information regarding Plaintiff.

19. On or about October 21, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Lexis' inaccurate and misleading information regarding its reported obligation by notifying Lexis, in writing, of the incorrect and inaccurate credit information.

20. Specifically, Plaintiff sent a letter, certified, return receipt, to Lexis (the "Lexis Dispute Letter"), requesting the inaccurate and incorrect derogatory information be removed, corrected, or deleted.

21. Lexis was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

22. On or about November 22, 2019, Plaintiff received notification from Lexis through its "reinvestigation" (Lexis Report No. 11878762) that it had investigated Plaintiff's dispute and updated Plaintiff's credit report. However, the reinvestigation failed to describe what Lexis had updated in any terms Plaintiff (or any other ordinary consumer) could decipher.

23. Lexis failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's consumer file.

24. Lexis failed to review all relevant information provided by Plaintiff in the Lexis Dispute Letter, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i(a).

25. Lexis continued reporting inaccurate information in Plaintiff's consumer file.

26. Upon receipt of Plaintiff's dispute, Lexis failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

27. Due to Lexis' failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information required thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §1681e(b).

28. Reporting and re-reporting the above-referenced information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in

the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

29. Despite Plaintiff's efforts. In writing, to correct Lexis's reporting debt in writing, Lexis neglected, refused, or failed to do so.

30. Lexis' continued misreporting in light of its knowledge of the actual errors was willful. Plaintiff is, accordingly, eligible for statutory damages.

31. By inaccurately reporting information regarding Plaintiff after notice and confirmation of its errors, Lexis failed to take appropriate measures as required under 15 U.S.C. §§ 1681i(a), and 1681e(b).

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. As a result of Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, dissemination of inaccurate personal identifying information, furnishing inaccurate banking information (as to Early Warning), out-of-pocket expenses in challenging Defendants' wrongful representations, damage to her creditworthiness or ability to open new bank accounts, and emotional distress.

34. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

35. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

36. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

### TRIAL BY JURY

37. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 13, 2019

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff
*DALE C. BURNS*